NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 20-8537 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Jennifer L.'s ("Plaintiff")[1] appeal from the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her request for benefits. (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the final decision of the Commissioner.

**I.    BACKGROUND**

In this appeal, the Court must determine whether the Administrative Law Judge's ("ALJ") finding that Plaintiff had a residual functioning capacity ("RFC") to perform at least a range of sedentary work is supported by substantial evidence. The Court begins with a brief background of the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021 10.

A.  **Procedural History**[2]

On June 20, 2016, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on November 3, 2015. (AR 12, 198-99, 210-13.) Plaintiff's application was denied initially, and on reconsideration. (AR 9-31, 96-98.) Following an administrative hearing, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 9-31.) On March 26, 2020, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (AR 1-6.) Thereafter, Plaintiff filed an appeal to the United States District Court for the District of New Jersey. (*See generally* Compl., ECF No. 1.) On April 15, 2021, Plaintiff filed a letter memorandum in this action (ECF No. 10), and the Commissioner opposed. (ECF No. 12.) Plaintiff did not file a reply.

B.  **The ALJ Decision**

On February 8, 2019, the ALJ rendered a decision. (AR 12-26.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 13-14.) At step one, the ALJ found that Plaintiff "had not engaged in substantial gainful activity" during the relevant period. (*Id.* at 14.) At step two, the ALJ determined that Plaintiff had several severe impairments, including:

> somatic symptoms disorder; adjustment disorder; generalized anxiety disorder; irritable larynx syndrome; morbid obesity; neurogenic cough; asthma; history of chronic sinusitis; polycystic ovary syndrome ("PCOS"); rheumatoid arthritis or psoriatic arthritis; and gastroesophageal reflux disease ("GERD").

(*Id.*) Despite the ALJ finding some of Plaintiff's impairments severe, he ultimately determined during his step-three analysis that those impairments did not meet or medically equal one of the

---

[2] The Administrative Record ("AR") is located at ECF Nos. 8 through 8-8. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

2

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). (*Id.* at 15.) The ALJ then found that Plaintiff possessed the residual functional capacity ("RFC") to do the following:

> perform sedentary work as defined in 20 CFR 404.1567(a) . . . She could perform unskilled simple, routine, repetitive work . . . She could have occasional interaction with the public, coworkers, and supervisors.

(*Id.* at 17.) At step four, the ALJ found Plaintiff "unable to perform any past relevant work." (*Id.* at 24.) At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 25.) The ALJ, consequently, found that Plaintiff was not under a disability from the filing date through the date of the decision. (*Id.*)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence, however, "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

3

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted). An ALJ's fact-finding is not readily subjected to categorical rules separate and apart from the deferential substantial evidence test. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154-55 (2019). Instead, "[t]he inquiry . . . is case-by-case." *Id.* at 1157.

### B.  Establishing Disability

In order to be eligible for disability benefits, a claimant must be unable to "engage in any substantial gainful activity [("SGA")] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). The burden of persuasion rests with the

4

claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

For the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(h). If the first two steps are satisfied, the third requires the claimant to provide evidence that her impairment "meets or equals" an impairment listed in Appendix 1. *See* 20 C.F.R. § 404.1520(d). If the claimant demonstrates sufficient evidence under the third step, she is presumed to be disabled and is automatically entitled to disability benefits. *See id.* If she cannot so demonstrate, however, the eligibility analysis proceeds to step four. *See* 20 C.F.R. 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *See id.* If the claimant can continue the work that she performed pre-impairment, then she is not "disabled" and not entitled to disability benefits. *See* 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(g).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with her RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(g); *see Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *See* 20 C.F.R. § 404.1520(g).

### III.   DISCUSSION

Plaintiff appeals the ALJ's decision. Primarily, Plaintiff contends that the ALJ's decision denying Plaintiff's claim is not supported by substantial evidence. (Pl.'s Moving Br. 2, ECF No. 10.) Particularly, Plaintiff alleges that (1) the course of treatment for Rheumatoid Arthritis ("RA") did not resolve her pain resulting from that ailment, (2) the medication Plaintiff takes to treat her

5

RA "significantly compromised [Plaintiff's] immune system thus making it dangerous for her to be in any public place," (3) the ALJ misquoted the vocational expert's testimony to incorrectly support that Plaintiff could function as a final assembler or document preparer, when, in fact, the vocational expert found the exact opposite, and (4) Plaintiff's RA will worsen in the future and lead to other medical ailments. (*Id.* at 3-4).

First, the Court notes that Plaintiff's pain resulting from RA is not enough to support a finding that Plaintiff is disabled. *See Morel v. Colvin*, No. 14-2934, 2016 WL 1270758, at *6 (D.N.J. Apr. 1, 2016) ("The claimant need not be pain-free to be found 'not disabled.'") Rather, Plaintiff must demonstrate that her pain is of such severity that she is unable to work a job in the national economy.

Second, while Plaintiff alleges that her RA medication significantly compromised her immune system, that assertion is without support from the record. Plaintiff's brief, informal correspondence setting forth Plaintiff's argument on this appeal cites nothing in the record supporting that claim. Nor does the Court find any support for this claim on its review of the administrative record. In any event, even assuming Plaintiff was able to cite to specific evidence in the record, the question is not whether Plaintiff's argument is supported by *some* evidence in the record. Instead, "the question is whether substantial evidence supports the Commissioner's decision" that Plaintiff is not disabled. *Schmidt v. Comm'r of Soc. Sec.*, No. 16-1924, 2017 WL 4948065, at *1 (D.N.J. Nov. 1, 2017); *Sassone v. Comm'r of Soc. Sec.,* 165 F. App'x 954, 955 (3d Cir. 2006) ("The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." (citations omitted)).

Here, the Court finds that the Commissioner's decision is supported by substantial evidence. The ALJ's seven-page decision outlines Plaintiff's medical history and examinations.

(AR 17-24.) Relevantly, the ALJ notes that Plaintiff's medical history shows normal gait, negative straight leg examinations, and normal sensory and motor function. The examinations showed no evidence of persistent inflammation or manifestations of inflammatory arthritis. The ALJ also indicates that Plaintiff's examinations also showed normal spine, hands, hips, knees, mood and affect. (AR 21, 594-96.) And as mentioned, the Court found no support in the record for Plaintiff's argument that she has a compromised immune system. Thus, the Court finds that Plaintiff's argument that the ALJ's decision is not support by substantial evidence is without merit.

Third, the record plainly contradicts Plaintiff's assertion that the vocational expert found that Plaintiff could not function as a final assembler or document preparer. (AR 50 ("I would have two positions . . . [f]inal assembler . . . [d]ocument preparer.").) As such, the Court finds no error here.

Finally, Plaintiff's argument that her RA will worsen in the future and lead to other medical ailments likewise does not contradict the ALJ's decision that Plaintiff was not disabled during the relevant period. "The issue before the ALJ is whether [Plaintiff] was disabled during the relevant time period being considered by the ALJ . . . not whether she might, on some unidentifiable future date, become disabled." *Hairston v. Astrue*, No. 12-12640, 2013 WL 1874875, at *9 (E.D. Mich. Apr. 2, 2013); *see also Tucker v. Saul*, No. 18-3522, 2020 WL 6255420, at *9 (D.N.J. Oct. 23, 2020) (noting that "[p]laintiff has not explained how a worsening of symptoms at some point in the unknown future can establish a finding of disability during the relevant period" and affirming the ALJ's determination).

Based on its review of the ALJ's decision and its analysis of the specific record, the Court finds good cause to uphold the ALJ's determination that Plaintiff is not disabled under Section 1614(a)(3)(A) of the Social Security Act.

## IV.  CONCLUSION

For the foregoing reasons, the Court affirms the decision of the ALJ. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**